UNITED STATES v. YAZOO & M. V. R. CO.

(District Court, W. D. Tennessee, W. D.    February 22, 1913.)

No. 1,276.

MASTER AND SERVANT (§ 17*)—HOURS OF SERVICE ACT—REPORTS BY CARRIER —FAILURE TO MAKE—PENALTIES.

Interstate Commerce Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386, as amended by Act June 18, 1910, c. 309, § 14, 36 Stat. 556 (U. S. Comp. St. Supp. 1911, p. 1305), after authorizing the commission to require certain reports from carriers touching income, expense, and indebtedness, and to fix the time and manner in which the reports shall be made, provides that, in case of failure to file such reports within 30 days after they may be lawfully required, the carrier shall forfeit to the United States $100 for each day's default. It then authorizes the commission, by general or special order, to require carriers to file monthly reports concerning any matters about which the commission is authorized to inquire, and for a failure to file such reports the carrier is made "subject to the forfeitures last above provided." *Held* that, the commission having required carriers to report all instances where employés had been on duty for a longer period than 16 consecutive hours in violation of Hours of Service Act March 4, 1907, c. 2939, § 2, 34 Stat. 1416 (U. S. Comp. St. Supp. 1911, p. 1321), the act was mandatory as to the carrier's liability in case of a failure to make such reports; and hence the court, in an action to enforce the penalty for such failure, could not consider matter in mitigation as ground for reduction of the penalty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 16; Dec. Dig. § 17.*]

Action by the United States against the Yazoo & Mississippi Valley Railroad Company. Judgment for plaintiff.

Casey Todd, U. S. Dist. Atty., of Memphis, Tenn., for the United States.

P. J. Doherty, of Washington, D. C., for the Interstate Commerce Commission.

Chas. N. Burch, of Memphis, Tenn., for defendant.

McCALL, District Judge. This action is brought on the suggestion of the Attorney General of the United States, at the request of the Interstate Commerce Commission, and upon information furnished

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by said commission, against the defendant, the Yazoo & Mississippi Valley Railroad Company. The suit is to recover $400 as penalties for the failure of the defendant to comply with an order of the said commission, which requires all carriers subject to the provisions of the act, entitled "An act to promote the safety of employés and travelers upon railroads by limiting the hours of services of employés thereon" (commonly known as the "Hours of Service Act"), to report within 30 days after the end of each month all instances where said employés had been on duty for a longer period than that provided in said act. Common carriers subject to the provisions of said act are prohibited from requiring or permitting their employés to be or remain on duty for more than 16 consecutive hours. Section 2, 34 Statutes at Large, pp. 1415, 1416.

The defendant admits the allegations in the petition, and thereby says that it is technically guilty of disobeying the said order of the Interstate Commerce Commission, but it insists that it should not be subjected to a penalty of $100 for each day it so failed to report to the commission the particular infractions charged, after the report was due, because of the situation existing at the time of the said failure to report.

At the hearing, it was conceded in open court that the violations of the Sixteen Hour Act, set out in the petition of the government, occurred at a time when the defendant company was operating its railroad in and out of Memphis under the most unfavorable circumstances, growing out of a strike by its employés in its yards. A detailed statement of the conditions existing at that time is not necessary, but it is sufficient to say that they were of such character that the court should take them into consideration in fixing the penalties in this case, if authority for so doing can be found under the law.

The only question presented for decision, therefore, is whether it is discretionary with the court to impose a less or a different penalty than is prescribed by the twentieth section of the act to regulate commerce, approved Feb. 4, 1887, c. 104, 24 Stat. 386, as amended by Act June 18, 1910, c. 309, § 14, 36 Stat. 556 (U. S. Comp. St. Supp. 1911, p. 1305). After authorizing the commission to require certain reports, from all common carriers subject to the provisions of the act, touching their income, expenses, indebtedness, etc., and to fix the time and prescribe the manner in which such reports shall be made, it provides that:

"If any carrier, person or corporation subject to the provisions of this act shall fail to make and file said annual reports within the time above specified, or within the time extended by the commission, for making and filing the same, or shall fail to make specific answer to any question authorized by the provisions of this section within thirty days from the time it is lawfully required so to do, such party shall forfeit to the United States the sum of one hundred dollars for each and every day it shall continue to be in default with respect thereto. The commission shall also have authority by general or special orders to require said carriers, or any of them, to file monthly reports of earnings and expenses, and to file periodical or special, or both periodical and special, reports concerning any matters about which the commission is authorized or required by this or any other law to inquire or to keep itself informed or which it is required to enforce; and such periodical or special

reports shall be under oath whenever the commission so requires; and if *any such carrier shall fail to make and file any such periodical or special report within the time fixed by the commission, it shall be subject to the forfeitures last above provided.*"

As has been seen, the commission, in its effort to enforce the "Hours of Service Act," has deemed it necessary to promulgate an order, requiring common carriers subject to the provisions of the act to make reports to it within 30 days after the end of each month of all instances where such employés have been on duty for a longer period than 16 consecutive hours.

The contention of the government is that the same penalty is provided, for a failure by the carrier to comply with the order of the commission last above stated, as is provided for a failure by the carrier to file its annual report touching its financial operations and condition, and that the statute is mandatory in both instances.

The defendant concedes that the statute is mandatory wherein it imposes a penalty of $100 for each and every day that the carrier shall be in default in respect to filing its annual report, but asserts that it is not mandatory in respect to the carrier's failure to make a report to the commission within 30 days after the end of each month of all instances where employés have been on duty for a longer period than that provided in the act, presumably upon the ground of the relative importance of the subject-matter and purpose of the two classes of reports. It is urged that there is a difference between the mandatory provision that a carrier shall forfeit $100 per day for failing to file its annual report, and the provision in respect to its failure to file special reports, which provides that "it shall be subject to the forfeitures last above provided," and argues that, had Congress intended that the same mandatory penalty should accrue as to special reports as accrue in reference to annual reports, the same language would have been employed.

The exact difference in the language employed by Congress is that in the one instance, to wit, the failure to file the annual report, the act provides that "such party shall forfeit to the United States the sum of one hundred dollars for each and every day it shall continue to be in default in respect thereto," and in the other instance, to wit, the failure to file the special report, it provides, "and if such carrier shall fail to make and file any such periodical or special report within the time fixed by the commission, it shall be subject to the forfeitures last above provided," which forfeiture last above provided is the penalty of $100 per day.

The purpose of this legislation is the protection of the lives of employés of railroad companies, and also the lives and property intrusted to the railroads as common carriers. It recognizes that there is a limit to human endurance, and that hours of rest and recreation are needful to the health and efficiency of men engaged in the hazardous work of railroading. The benefit it is intended to confer is to better enable employés to serve their employers, and to promote the needs of commerce, and also to promote the safety of travelers upon railroads. The limiting of hours of labor of those who are in control

203 F.—11

of dangerous agencies, it is believed, will relieve the employés of overfatigue and resulting indifference, and thus avert accidents which lead to injuries and destruction of life and property. Such purpose could scarcely be said to be of less importance than making of annual reports, showing in detail the amount of capital stock issued, the amounts paid therefor, the dividends paid, the surplus funds, etc., unless we have unhappily fallen upon times when it is of greater móment to enact and enforce laws, the purpose of which is to safeguard the financial interests of the public and the carrier, than it is to enact and enforce laws, the purpose of which is to protect the lives and limbs of human beings. To this latter doctrine, I cannot subscribe, and am therefore unable to agree with the contention of the defendant. The provision of the act under consideration indicates that it was the purpose of Congress to prohibit common carriers from subordinating the welfare of their employés or passengers aboard their trains, either in health, life, or limb, to the interest of earnings or dividend sheets.

I am of the opinion that the statute is mandatory in respect to the penalty for failure to comply with the order of the commission in question, and that the court has no discretion in the premises.

It is pressed upon the court that the statute in question and the rule of the commission thereunder are harsh, and bear too heavily upon common carriers.

When the language of a statute is plain and unambiguous, its harshness should not be ameliorated by construction of the courts. Those interested must apply to the lawmaking body enacting such statutes for relief, and, until Congress changes the law now under consideration, we must enforce it as it is plainly written.

A judgment will be entered for $400 in this case, and, for a like reason, a judgment will be entered for $500 in case No. 1,282, United States of America v. Illinois Central Railroad Co.